# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:20 CR 485 HEA (NCC) |
| | ) |
| MICHAEL KREITLER, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the Defendant's motion for reconsideration of the order of detention. (ECF 19) The Government filed a memorandum in opposition. (ECF 20) The motion was heard on November 17, 2020. After considering all of the issues, the Defendant's motion for reconsideration is DENIED.

The Court entered an order detaining Mr. Kreitler on September 25, 2020. (ECF 18) Mr. Kreitler allegedly "did knowingly distribute and/or receive" child pornography between January 14 and March 10, 2020. The Court finds probable cause to believe Mr. Kreitler committed the offense charged.

A defendant may be detained before trial "[o]nly if the government shows by clear and convincing evidence that no release condition or set of conditions will *reasonably assure* the safety of the community and by a preponderance of the evidence that no condition or set of conditions ... will *reasonably assure* the defendant's appearance ...." *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) (quoting *United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003) and *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985) (en banc)); 18 U.S.C. § 3142(c), (e)-(f)).

This case presents a rebuttable presumption of detention under 18 U.S.C. § 3142(e)(3)(E):

Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed [the listed offense].

This case involves much more than the receipt and distribution of child pornography. Mr. Kreitler had multiple communications with an undercover agent (UC) who claimed to be in a sexual relationship with a 14-year-old high school teenager. The Government estimates Mr. Kreitler sent the UC approximately 2,000 child pornography images and videos. In January, Mr. Kreitler asked if the boy would be interested in a three-way. The UC said he would have to ask the child. Mr. Kreitler later told the UC to have "the freshman" perform oral sex on the UC and to "take some pics" of the event for Mr. Kreitler to see. The UC refused to send Mr. Kreitler any photographs of the purported 14-year-old.

Mr. Kreitler and the UC planned to meet in March and "have some fun." Mr. Kreitler suggested the UC "bring your friend along :)". On March 9, 2020, Mr. Kreitler went to the Spring Hill Suites hotel for this meeting. Mr. Kreitler carried a 9mm pistol to the hotel room. His home was searched, and the agents recovered 142 images and videos of child pornography. The agents also found evidence of internet searches for child pornography.

On March 10, St. Louis County charged Mr. Kreitler with Promoting Child Pornography. He was released on a $75,000 bond after posting ten percent of the bond amount. The state court added conditions including GPS monitoring, no firearms/weapons, no possessing drugs, no contact with minor children except supervised visits with his minor son, no Internet access, and no contact with the victim.

Counsel for the Defendant reports he did well on state pretrial release. However, Mr. Kreitler attempted suicide when he learned the federal government also indicted him. He overdosed on pills and cut his arm. He left a note for his father telling him not to open the

- 2 -

bathroom door, just call 911. His father called 911, and Mr. Kreitler was saved. He was released from the hospital on September 16.

Mr. Kreitler was a counselor for children with the Lutheran Family and Children's Services of Missouri at the time of the instant offense. He previously worked as a professor for Missouri Baptist University and as a school psychologist for the St. Louis County Special School District. Mr. Kreitler lost his job in March and remains unemployed.

After the Court entered its detention order, counsel for the Defendant spoke with Mr. Kreitler's parents. They agreed to let Mr. Kreitler live in their home. His father agreed to act as a third-party custodian. The defense assured the Court Mr. Kreitler would have no contact with minor children and would participate in location monitoring while on home confinement, have no firearms in the home and would participate in mental health services. The Government remains strongly opposed to Mr. Kreitler's release on any conditions.

The Court looks favorably on the Defendant's proposal to have his father serve as a third-party custodian and to allow Mr. Kreitler to live in their home. However, the allegations in the indictment are very serious. In addition to the child pornography charge, Mr. Kreitler asked the UC to engage in a sex act with a minor child, to film the sex act and share it with Mr. Kreitler. He possessed and distributed approximately 2,000 images and videos of child pornography and was found in possession of additional child pornography at his home. Mr. Kreitler attempted to meet the UC and the purported 14-year-old minor to "have some fun," and he brought a loaded pistol to this meeting in the hotel room.

While Mr. Kreitler may have done well on his state bond to a point, when he learned of the federal indictment, he attempted suicide. The federal charge has a mandatory minimum sentence of five years in prison and a maximum of 20 years in prison. The Government's evidence is strong, and there may be tougher days ahead.

Assuring a criminal defendant's appearance at trial is a legitimate government objective. Detaining adults who prey on children for the adult's sexual gratification or for the production of child pornography is also a legitimate government objective. ***One of the fundamental duties of government is public safety, including protecting children from sexual predators.***

*Abad*, 350 F.3d at 797 (emphasis added).

Like Mr. Abad, Mr. Kreitler faces a significant federal sentence. He also faces a significant state sentence. This "weighs strongly in favor of a finding [the Defendant] would be a flight risk. Although electronic surveillance is available, when considering all the factors at issue in the present case, there is insufficient evidence to assure [the Defendant's] appearance at trial." *Abad*, 350 F.3d at 799 (citing *United States v. Mercedes*, 254 F.3d 433, 437 (2d Cir. 2001) (noting home detention, family assurances and electronic monitoring not sufficient in face of strong evidence defendant presented flight risk and danger to community)). Mr. Kreitler is also a clear danger to the children of our community.

The Court reconsidered the detention issue, Mr. Kreitler's conduct in this case, and the new information presented by his attorney. After considering all of these matters, the Court again finds by a preponderance of the evidence that there is a serious risk the Defendant will not appear as required if released on bond. The Court also finds by clear and convincing evidence that there is a serious risk the Defendant will endanger the safety of another person or the community if released. The Court finds no condition or combination of conditions could reasonably assure his appearance or the safety of the community.

**IT IS HEREBY ORDERED** that the Defendant's motion to reconsider the Defendant's detention is DENIED.

*/s/ Stephen R. Welby*
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE

Dated this 18th day of November, 2020.

- 4 -